1

2

3

4

5

6

7        **UNITED STATES DISTRICT COURT**

8        **EASTERN DISTRICT OF CALIFORNIA**

9

10

11   REX CHAPPELL,                          Case No. 1:13-cv-00892-LJO-BAM-HC

12        Petitioner,                       FINDINGS AND RECOMMENDATIONS TO
                                            GRANT RESPONDENT'S MOTION TO
13        v.                                DISMISS THE PETITION (DOC. 15),
                                            DISMISS THE PETITION AS UNTIMELY
14                                          (DOC. 1), ENTER JUDGMENT FOR
                                            RESPONDENT, AND DECLINE TO ISSUE A
15   CONNIE GIPSON,                         CERTIFICATE OF APPEALABILITY

16        Respondent.                       **OBJECTIONS DEADLINE:**
                                            **THIRTY (30) DAYS**
17

18

19        Petitioner is a state prisoner proceeding pro se and in forma

20   pauperis with a petition for writ of habeas corpus pursuant to 28

21   U.S.C. § 2254.  The matter has been referred to the Magistrate Judge

22   pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

23   Pending before the Court is the Respondent's motion to dismiss the

24   petition as untimely and as failing to state facts entitling

25   Petitioner to relief in a proceeding pursuant to § 2254.  The motion

26   was filed on November 12, 2013, with supporting exhibits.

27   Petitioner filed opposition on January 21, 2014; Respondent filed a

28   reply on January 30, 2014; and Petitioner filed an unsolicited sur-

                                        1

reply on February 7, 2014.[1]

I.   Proceeding by a Motion to Dismiss

Respondent has filed a motion to dismiss the petition on the ground that Petitioner filed his petition outside of the one-year limitation period provided for by 28 U.S.C. § 2244(d)(1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).  Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

In this case, Respondent's motion to dismiss addresses the untimeliness of the petition pursuant to 28 U.S.C. 2244(d)(1).  The material facts pertinent to the motion are found in copies of the

---

[1] Respondent has not objected to the sur-reply.

1   official records of state judicial proceedings which have been

2   provided by Respondent and Petitioner, and as to which there is no

3   factual dispute.  Because Respondent has not filed a formal answer,

4   and because Respondent's motion to dismiss is similar in procedural

5   standing to a motion to dismiss for failure to exhaust state

6   remedies or for state procedural default, the Court will review

7   Respondent's motion to dismiss pursuant to its authority under

8   Habeas Rule 4.

9        II.  Background

10       Documentation attached to the petition shows that as of

11  February 10, 2012, Petitioner was serving forty-four years for

12  multiple cases from multiple counties.  (Pet., doc. 1, 141.)

13       Petitioner contends that he suffered a violation of the

14  protection against ex post facto laws when the California Department

15  of Corrections and Rehabilitation (CDCR) applied to him changes to

16  Cal. Pen. Code §§ 2933 and 2933.6 that took effect on January 25,

17  2010.  The new law prohibited inmates who were in a security housing

18  unit because of validation as a gang member or commission of violent

19  offenses from earning credits pursuant to Cal. Pen. Code § 2933 or

20  2933.05 during the time they were so housed.  Petitioner alleges

21  that he was validated as a member of a prison gang in April 2010 and

22  that the prison increased the duration of his term by five years

23  based on the new statute. (Id. at 21, 7-8.)  Petitioner also alleges

24  that the application of the statute to a prisoner such as Petitioner

25  who committed his commitment offenses before the enactment of the

26  new statute constitutes double jeopardy and violates his rights to

27  equal protection of the law and a jury trial.  Petitioner also

28  argues that the state legislature did not intend for the new statute

3

to apply to Petitioner.  Petitioner complains that it changed
Petitioner's ability to earn credit and caused the CDCR to take
credit that Petitioner had already earned over his thirty-one years
of incarceration.  (Id. at 8.)  Petitioner claims that the time was
taken without his being told and without his having the right to
present his views in a classification committee hearing or to be
heard; rather, Petitioner was simply mailed a new calculation
worksheet.  Petitioner further complains that although a state court
ordered credit of about 1,906 days restored to him, it was not done.
(Id. at 13.)  He also claims a violation of ex post facto principles
based on application to him of a post-offense state court decision
making sentences for offenses committed in prison fully consecutive
to the commitment offense/s.

        In the motion to dismiss the petition, Respondent contends that
Petitioner's petition was untimely filed, and in any event the facts
alleged in the petition do not entitle Petitioner to relief in a
proceeding pursuant to § 2254.  Petitioner alleges that he is
entitled to tolling of the statute of limitations and that he
suffered a violation of rights protected by the Ex Post Facto
Clause.

        III.  Timeliness of the Petition

                A.  The Running of the Statute of Limitations

        Because the petition was filed after April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty Act
of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.
Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,
1499 (9th Cir. 1997).

        The AEDPA provides a one-year period of limitation in which a

4

petitioner must file a petition for writ of habeas corpus.  28

U.S.C. § 2244(d)(1).  As amended, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final
> by the conclusion of direct review or the expiration of
> the time for seeking such review;
>
>     (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
>     (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme Court,
> if the right has been newly recognized by the Supreme Court
> and made retroactively appicable to cases on collateral
> review; or
>
>     (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through the
> exercise of due diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).

The one-year limitation period of § 2244 applies to habeas

petitions brought by persons in custody pursuant to state court

judgments who challenge administrative decisions, such as the

decisions of state prison disciplinary authorities or parole

authorities.  Shelby v. Bartlett, 391 F.3d 1061, 1063, 1065-66

(9th Cir. 2004).  However, § 2244(d)(1)(A) is inapplicable to

5

administrative decisions; rather, § 2244(d)(1)(D) applies to petitions challenging such decisions.  Redd v. McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003) (parole board determination).

Title 28 U.S.C. § 2244(d)(1)(D) provides in pertinent part that the "limitation period shall run from the latest of... the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Thus, under § 2244(d)(1)(D), the statute of limitations begins to run when the factual predicate of a claim "could have been discovered through the exercise of due diligence," not when it actually was discovered. 28 U.S.C. § 2244(d)(1)(D); Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012).  The diligence required is not maximum feasible diligence, but rather reasonable diligence in the circumstances. Id.  Although due diligence is measured by an objective standard, a court will also consider the petitioner's particular circumstances, including both impediments and resources that would affect discovery of the facts, such as physical confinement, familial assistance, and any representations made by the government.  Id. at 1235-36.  A later accrual date results only if vital facts could not have been known by the date the appellate process ended; however, when a person knows or through reasonable diligence could discover the vital facts, the time starts running regardless of when the legal significance of the facts is actually discovered.  Id. at 1235.

A habeas petitioner has the burden to prove that he or she exercised due diligence in discovering the factual predicate for his

6

or her claim in order for the statute of limitations to begin
running from the date he or she discovered the factual predicate of
the claim.  See Majoy v. Roe, 296 F.3d 770, 777 n.3 (9th Cir. 2002).

    Thus, in the present case, the statute begins to run on the
date that the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(D); Redd v. McGrath, 343 F.3d at 1082.  In
Redd v. McGrath, the court concluded that the factual predicate of
the habeas claims concerning the denial of parole was the parole
board's denial of the prisoner's administrative appeal.  Id. at
1082.  In Shelby and Redd, the pertinent date was the date on which
notice of the decision was received by the petitioner.  Thus, the
statute of limitations was held to have begun running the day after
notice of the decision was received.  Shelby, 391 F.3d 1061, 1066;
Redd, 343 F.3d at 1082.

    Here, Petitioner filed an administrative grievance regarding
his inability to earn credits because of his housing and gang
validation as well as his inability to receive restored credits.  On
August 30, 2011, the third level appeal decision issued in which his
appeal was partially granted but denied insofar as Petitioner raised
the issues he raises in the present petition.  The decision
expressly stated that the decision exhausted the administrative
remedy available within the CDCR.  (Doc. 17-4, 8-9.)  There is no
evidence indicating that delivery of notice to Petitioner was
delayed or prevented.

    Thus, the Court concludes that the date on which the
factual predicate of a decision on Petitioner's parole could
have been discovered through the exercise of reasonable diligence

1  was the date of the decision by the last level of the CDCR's

2  administrative remedy procedure, namely, August 30, 2011.  The

3  statute thus began running on the next day, August 31, 2011, and

4  absent any tolling, Petitioner had through August 31, 2012, to file

5  his petition here. Fed. R. Civ. P. 6(a); see, Waldrip v. Hall, 548

6  F.3d 729, 735 n.2 (9th Cir. 2008); Patterson v. Stewart, 251 F.3d

7  1243, 1245-46 (9th Cir. 2001).

8      Because the petition in the present case was constructively

9  filed[2] on May 22, 2013, the petition on its face reflects that it was

10 filed outside of the one-year limitation period.

11     B.  Statutory Tolling

12

13

_____

14  [2]    The dates of filing have been computed pursuant to the mailbox rule.  Habeas
    Rule 3(d) provides that a paper filed by a prisoner is timely if deposited in the
15  institution's internal mailing system on or before the last day for filing.  The
    rule requires the inmate to use the custodial institution's system designed for
16  legal mail; further, timely filing may be shown by a declaration in compliance
    with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of
17  deposit and verifying prepayment of first-class postage. Id.  Habeas Rule 3(d)
    reflects the "mailbox rule," initially developed in case law, pursuant to which a
18  prisoner's pro se habeas petition is "deemed filed when he hands it over to prison
    authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266,
19  276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox
    rule applies to federal and state petitions alike.  Campbell v. Henry, 614 F.3d
20  1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201
    (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)).
21  The mailbox rule, liberally applied, in effect assumes that absent evidence to the
    contrary, a legal document is filed on the date it was delivered to prison
22  authorities, and a petition was delivered on the day it was signed. Houston v.
    Lack, 487 U.S. at 275-76; Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir.
23  2010); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Lewis v.
    Mitchell, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001).  The date a petition is
24  signed may be inferred to be the earliest possible date an inmate could submit his
    petition to prison authorities for filing under the mailbox rule. Jenkins v.
25  Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace
    v. DiGuglielmo, 544 U.S. 408 (2005).  However, if there is a long delay between
26  the alleged mailing and receipt by a court, a district court may attribute the
    discrepancy to various causes, including the court, the postal service, the prison
27  authorities, or the prisoner himself. See, Koch v. Ricketts, 68 F.3d 1191, 1193
    n.3 (9th Cir. 1995) (concerning analogous Fed. R. App. P. 4(c)).
28      Petitioner signed the petition form and verification forms on May 22, 2013.
    (Doc. 1 at 6, 28-29.)

Petitioner argues that the running of the statute was tolled by several petitions for collateral relief filed in the state courts.

### 1.  Petitioner's Filings

On September 20, 2011, Petitioner constructively filed a petition in the Superior Court of the State of California, County of Kern (KCSC).  (Doc. 17-1 at 2, 7.)  The petition was denied by a reasoned decision dated November 4, 2011, which a minute order reflects was sent to Petitioner on the same date.  (Doc. 15-1 at 2-4.)  The KCSC also sent a copy of the denial order to Petitioner on November 15, 2011.  (Doc. 26, 21.)

On September 14, 2012, Petitioner constructively filed a petition for writ of habeas corpus in the Court of Appeal of the State of California, Fifth Appellate District (CCA).  (Doc. 18-2 at 7.)  On November 26, 2012, the petition was denied, but the denial was without prejudice as to Petitioner's ex post facto claim in the event the California Supreme Court decided that prisoners in Petitioner's circumstances had suffered an ex post facto violation from the application of the 2010 amendments to Cal. Pen. Code § 2933.  (Doc. 15-2 at 2.)

On December 12, 2012, Petitioner constructively filed a petition for a writ of habeas corpus in the California Supreme Court (CSC).  (Doc. 19-1 at 2, 8; doc. 19-2 at 4, 11.)  On February 27, 2013, the CSC summarily denied Chappell's petition without a statement of reasoning or citation of authority. (Doc. 15-3 at 2.)

Petitioner constructively filed his petition for relief in the instant proceeding on May 22, 2013.  (Doc. 1 at 6, 28-29.)

### 2.  Analysis

Title 28 U.S.C. § 2244(d)(2) states that the "time during which

9

a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).  Once a petitioner is on notice that his habeas petition may be subject to dismissal based on the statute of limitations, he has the burden of demonstrating that the limitations period was sufficiently tolled by providing the pertinent facts, such as dates of filing and denial.  Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009) (citing Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir. 2002), abrogation on other grounds recognized by Moreno v. Harrison, 245 Fed.Appx. 606 (9th Cir. 2007)).

An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance'-i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002).  In California, this generally means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner did not "unreasonably delay" in seeking review. Id. at 221-23; accord, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, petitioner delayed for almost nine (9) months, for a total of 314 days, after the KCSC's denial of his petition on November 4, 2011, and his filing of a petition in the CCA on September 14, 2012.  Respondent argues that Petitioner unreasonably delayed in filing his petition, and thus no petition was "pending" within the meaning of § 2244(d)(2) during that period to function to toll the running of the statute.

10

1    Absent a clear direction or explanation from the California

2  Supreme Court about the meaning of the term "reasonable time" in

3  a specific factual context, or a clear indication that a filing

4  was timely or untimely, a federal court hearing a subsequent

5  federal habeas petition must examine all relevant circumstances

6  concerning the delay in each case and determine independently

7  whether the California courts would have considered any delay

8  reasonable so as to render the state collateral review petition

9  "pending" within the meaning of § 2244(d)(2). Evans v. Chavis,

10 546 U.S. 189, 197-98 (2006). A delay of six months has been found

11 to be unreasonable because it is longer than the relatively short

12 periods of thirty (30) or sixty (60) days provided by most states

13 for filing appeals. Evans v. Chavis, 546 U.S. at 201. In this

14 circuit, the thirty-day to sixty-day period is applied as a

15 benchmark for California's "reasonable time" requirement, to be

16 exceeded in appropriate circumstances. Stewart v. Cate, 734 F.3d

17 995, 1001 (9th Cir. 2013) (citing Velasquez v. Kirkland, 639 F.3d

18 964, 968 (9th Cir. 2011)). Various periods of delay have been found

19 to be unreasonable, including intervals of eighty-one (81)

20 and ninety-two (92) days between the disposition of a writ at one

21 level and the filing of the next writ at a higher level, Velasquez

22 v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011), cert. den., 132

23 S.Ct. 554 (2011); unexplained, unjustified periods of ninety-seven

24 (97) and seventy-one (71) days, Culver v. Director of Corrections,

25 450 F.Supp.2d 1135, 1140 (C.D.Cal. 2006; one hundred (100) days

26 between the denial of a petition by the California Court of Appeal

27 and the filing of a petition in the California Supreme Court, which

28 was held to be unreasonable because there was no showing of good

11

1   cause for the delay where the two petitions involved the same

2   claims, evidence, and research, and the petitioner had at least

3   thirty days to file the petition despite being under prisoner

4   emergency status and being unable to research his petition, Stewart

5   v. Cate, 734 F.3d at 1002-03; unjustified delays of one hundred

6   fifteen (115) and one hundred one (101) days between denial of one

7   petition and the filing of a subsequent petition, Chaffer v.

8   Prosper, 592 F.3d. 1046, 1048 (9th Cir. 2010); and one hundred

9   forty-six (146) days between the filing of two trial court

10  petitions, Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010),

11  cert. den., 131 S.Ct. 3023 (2011).

12       Here, the CCA did not expressly determine that the petition was

13  timely.  To the extent that the CCA denied the petition, it did so

14  without a statement of reasoning or authority; further, it left open

15  the possibility of seeking relief on the ex post facto claim if

16  relief became available pursuant to a subsequent decision of the

17  California Supreme Court.  Since the CCA did not expressly determine

18  that the petition was untimely, this Court thus proceeds to examine

19  all relevant circumstances concerning the delay and to determine

20  independently whether the California courts would have considered

21  any delay reasonable.

22       Petitioner argues that the KCSC petition, which was denied on

23  November 4, 2011, was actually pending for a much longer period

24  because on December 9, 2011, Petitioner filed what he characterizes

25  as a motion for reconsideration of the denial, which was pending

26  until February 27, 2012, when the KCSC issued an order which stated

27  the following:

28       The court has read and considered the additional evidence

12

1

2

> received by this court dated December 9, 2011.  The
> petition was denied and a copy of the minute order was
> sent to petitioner on November 15, 2011.

3

4

5

6

7

> Petitioner presents no new evidence to warrant this
> court to change its position.  The petitioner cites
> no authority, and the court is aware of none, permitting
> this court to reconsider the petition for writ of
> habeas corpus.  *In re Clark*, 5 Cal.4th 750, 767 n.7;
> *In re Hochberg* (1970) 2 Cal.3d 870, 876.  Petitioner may
> appeal to a higher court.  (*In re Crow* (1971) 4 Cal.3d
> 613, 621 n.8.)

8

9

> The petition for writ of habeas corpus remains denied.

10

(Doc. 26, 21.)

11

12

Respondent contends that the motion for reconsideration was not

13

a "properly filed" application within the meaning of § 2244(d)(2)

14

because the KCSC lacked subject matter jurisdiction to entertain a

15

motion for reconsideration.

16

A state petition is filed properly "when its delivery and

17

acceptance are in compliance with the applicable laws and rules

18

governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

19

Jurisdictional matters, as requirements that "go to the very

20

initiation of a petition and a court's ability to consider that

21

petition," are conditions to filing.  Pace v. DiGuglielmo, 544 U.S.

22

408, 417, 414 (2005) (holding that timeliness requirements are

23

24

conditions to filing such that violation of the requirements will

25

prevent a petition from being "properly filed" within the meaning of

26

§ 2244(d)(2)).  In Artuz v. Bennett, the Court considered an

27

argument that a petition that was pending was properly filed.  The

28

13

Court expressly noted that if an application is erroneously accepted by a clerk of a court lacking jurisdiction, the petition "will be pending, but not properly filed." Artuz, 531 U.S. at 9.

In its order, the KCSC expressly noted its lack of authority to reconsider the ruling on the petition, citing to portions of Clark and Hochberg, California authorities, to the effect that the only way to obtain review of a superior court's denial of a habeas petition is to file a new petition in a court of appeal. The KCSC's jurisdictional determination was made pursuant to state law; although a California trial court has the power to reconsider or modify its judicial determinations embodied in a ruling on a petition for writ of habeas corpus, the power to reconsider extends only until the order becomes final and jurisdiction is lost by either the expiration of the period of finality or the filing of a notice of appeal. Jackson v. Superior Court, 189 Cal.App.4th 1051, 1064-65 (2010). An order denying a petition for writ of habeas corpus in the superior court is final immediately upon its filing, and review of the order can only be had by the filing of a new petition in the Court of Appeal. Id. at 1065 n.5. The KCSC thus lost jurisdiction over Petitioner's petition at the point that it initially denied the petition in November 2011. When the motion for reconsideration was subsequently filed, it was not "properly filed" within the meaning of § 2244(d)(2). See, Artuz, 544 U.S. at 9; Larry v. Dretke, 361 F.3d 890, 895 (5th Cir. 2004), cert. den. 543

14

U.S. 893 (2004) (petition filed in a state court that lacked subject matter jurisdiction was not properly filed and did not toll the statute).  The pendency of the motion thus did not toll the running of the statutory limitations period pursuant to § 2244(d)(2). <u>Ramirez v. Yates</u>, 571 F.3d 993, 999 (9th Cir. 2009).[3]

The delay of over five months was a substantial delay that would be unreasonable if unsupported by a showing of good cause.

With respect to justification for the delay, to benefit from statutory tolling, a petitioner must adequately justify a substantial delay.  28 U.S.C. § 2244(d)(2); <u>Evans v. Chavis</u>, 546 U.S. at 192-93; <u>Waldrip v. Hall</u>, 548 F.3d at 734.

In <u>In re Reno</u>, 55 Cal.4th 428, 460-61 (2012), the California Supreme Court summarized the applicable California law as follows:

> Our rules establish a three-level analysis for assessing whether claims in a petition for a writ of habeas corpus have been timely filed. First, a claim must be presented without substantial delay. Second, if a petitioner raises a claim after a substantial delay, we will nevertheless consider it on its merits if the petitioner can demonstrate good cause for the delay. Third, we will consider the merits of a claim presented after a substantial delay without good cause if it falls under one of four narrow exceptions: "(i) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (ii) that the petitioner is actually

---

[3] Even if the running of the statute were tolled from early December 2011 through late February 2012 while the motion for reconsideration was before the KCSC, Petitioner thereafter nevertheless delayed substantially for about six and one-half months (from late February 2012 through mid-September 2012) before filing the petition in the CCA.

innocent of the crime or crimes of which he or she was convicted; (iii) that the death penalty was imposed by a sentencing authority that had such a grossly misleading profile of the petitioner before it that, absent the trial error or omission, no reasonable judge or jury would have imposed a sentence of death; or (iv) that the petitioner was convicted or sentenced under an invalid statute." (*In re Robbins, supra*, 18 Cal.4th at pp. 780-781, 77 Cal.Rptr.2d 153, 959 P.2d 311.) The petitioner bears the burden to plead and then prove all of the relevant allegations. (Ibid.)

The United States Supreme Court recently, and accurately, described the law applicable to habeas corpus petitions in California: "While most States set determinate time limits for collateral relief applications, in California, neither statute nor rule of court does so. Instead, California courts 'appl[y] a general "reasonableness" standard' to judge whether a habeas petition is timely filed. *Carey v. Saffold*, 536 U.S. 214, 222 [122 S.Ct. 2134, 153 L.Ed.2d 260] (2002). The basic instruction provided by the California Supreme Court is simply that 'a [habeas] petition should be filed as promptly as the circumstances allow....'" (*Walker v. Martin, supra*, 562 U.S. at p. ----, 131 S.Ct. at p. 1125.) "A prisoner must seek habeas relief without 'substantial delay,' [citations], as 'measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim,' [citation]." (Ibid.; see also *In re Robbins, supra*, 18 Cal.4th at p. 780, 77 Cal.Rptr.2d 153, 959 P.2d 311 ["Substantial delay is measured from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim."].)

In re Reno, 55 Cal.4th at 460-61.  A petitioner must show particular circumstances, based on allegations of specific facts, sufficient to justify the delay; allegations made in general terms are insufficient.  In re Robbins, 18 Cal.4th at 787-88, 805 (citing In re Walker, 10 Cal.3d 764, 774 (1974)).  The Ninth Circuit Court of Appeals has noted that there are no California standards

16

for determining what period of time or factors constitute "substantial delay" in noncapital cases or for determining what factors justify any particular length of delay.  King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006).  It is recognized that California's time limit for filing a habeas petition in a noncapital case is more "forgiving and flexible than that employed by most states." Chavis, 546 U.S. at 202 (Stevens, J., concurring).

Petitioner argues that he did not know what to do with respect to filing for collateral relief in the state courts and had to obtain and review legal materials.  Unspecified legal property was unavailable to Petitioner from February 2011 until May 2011, and again from April 4, 2013 until on or about April 24, 2013 during and following two transfers to different prisons.  (Doc. 26 at 2, 18.)

The petitions filed in the KCSC and the CCA respectively were similar with respect to the issues raised, although the later petition contained additional documentation of legal materials and Petitioner's second attempt at administrative exhaustion.  (Compare docs. 17-1 through 17-6 and doc. 18-1 with docs. 18-2 through 18-7.) Petitioner admitted in his petition filed in the CCA that he exhausted one administrative appeal regarding the retroactive and fundamentally unfair application of a state court decision and the 2010 amendments to Cal. Pen. Code §§ 2933.6; however, when he was transferred to a different prison, he attempted to exhaust his grievance a second time "to see if illegal activity was statewide." (Doc. 18-2 at pp. 7, 6, 9-10.)

It would be contrary to the purpose of the limitations period to permit a petitioner to delay exhaustion of state judicial remedies by filing administrative appeals acknowledged to be

17

duplicative.  To the extent that Petitioner premises a potential justification for delay on his duplicative administrative proceedings, he fails because Petitioner's conduct is inconsistent with due diligence in exhaustion of state court remedies.  In any event, it does not appear that the delay was necessary to develop Petitioner's claims factually or legally.  Further, it does not appear that short periods of separation from legal property in early 2011 and April 2013 obstructed Petitioner's progress in drafting a habeas petition during the period from November 2011 through September 2012.  Petitioner has not shown good cause for his substantial delay in filing the petition in the CCA.

Likewise, Petitioner has not shown that an exception applies, such as an error of constitutional magnitude that resulted in a fundamentally unfair trial, Petitioner's actual innocence of the commitment offenses, conviction or sentence under an invalid statute, or fundamental error in the imposition of the death penalty.

In summary, Petitioner's motion for reconsideration of the KCSC petition was not properly filed, so it did not toll the statute. The lengthy delay of over five months between the denial of the KCSC petition and the filing of the CCA petition was not justified by good cause or excused by an exception to the state law requirement of filing within a reasonable time.  Thus, the CCA petition was not "pending" within the meaning of § 2244(d)(2) and did not toll the statute during the interval or "gap" between the denial of the KCSC petition and the filing of the CCA petition.

C.   Equitable Tolling

The one-year limitation period of § 2244 is subject to

equitable tolling where the petitioner shows that he or she has been diligent, and extraordinary circumstances have prevented the petitioner from filing a timely petition. Holland v. Florida, – U.S. –, 130 S.Ct. 2549, 2560, 2562 (2010). Petitioner bears the burden of showing the requisite extraordinary circumstances and diligence. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010). A petitioner must provide specific facts regarding what was done to pursue the petitioner's claims to demonstrate that equitable tolling is warranted. Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006). Conclusional allegations are generally inadequate. Williams v. Dexter, 649 F.Supp.2d 1055, 1061-62 (C.D.Cal. 2009). The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The diligence required for equitable tolling is reasonable diligence, not "maximum feasible diligence." Holland v. Florida, 130 S.Ct. at 2565. However, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)). A petitioner seeking equitable tolling must demonstrate reasonable diligence while exhausting state court remedies as well as while attempting to file a federal petition during the period after the extraordinary circumstances began. Roy v. Lampert, 465 F.3d 964, 971 (9th Cir. 2006). The effort required is what a reasonable person might be expected to deliver under his or her particular circumstances. Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011).

19

1    Because a pro se petitioner's habeas filings must be construed with

2    deference, a court will construe liberally such a petitioner's

3    allegations regarding diligence. Roy v. Lampert, 465 F.3d 964, 970

4    (9th Cir. 2006).

5        Here, Petitioner argues that he lacked knowledge of law and

6    procedure and thus needed to perform research; he was separated from

7    his legal property in February, March, and April 2011 as well as in

8    April 2013; and he engaged in a second, admittedly duplicative round

9    of administrative remedies.

10       Petitioner's pro se status is not by itself an extraordinary

11   circumstance. Chaffer v. Prosper, 592 F.3d 1046, 1049. A pro se

12   petitioner's confusion or ignorance of the law is not alone a

13   circumstance warranting equitable tolling. Rasberry v. Garcia, 448

14   F.3d 1150, 1154 (9th Cir. 2006). A prisoner's failure to recognize

15   that a state filing was unreasonably delayed under California law is

16   not the result of an "external force" that rendered timeliness

17   impossible, but rather is attributable to the petitioner as the

18   result of his own actions. Velasquez v. Kirkland, 639 F.3d 964, 969

19   (9th Cir. 2011). In summary, Petitioner's limited legal knowledge

20   was not an extraordinary circumstance warranting equitable tolling.

21       Further, even if during short periods of transfer to new

22   custodial institutions Petitioner was without access to facilities,

23   ordinary prison limitations on a prisoner's access to a law library

24   and a copier are neither extraordinary nor such to make it

25   impossible for a petitioner to file his petition in a timely manner.

26   Ramirez v. Yates, 571 F.3d at 998.

27       With respect to Petitioner's separation from his legal

28   property, reference to the chronology of pertinent events shows that

20

the statute of limitations did not begin running until August 31, 2011, long after Petitioner's first separation from his property in the Spring of 2011.  The second separation occurred in April 2013, a month after the CSC denied the habeas petition, but it consumed only about twenty-four days of an eighty-three-day period between the denial of the petition by the CSC and the filing of the petition here.  Petitioner has not shown a causal connection between any separation from his legal property and the delay in filing any petition.  Where a prisoner fails to show any causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

Further, Petitioner's circumstances are not specified.  In some circumstances, lack of access to legal files can constitute an external impediment sufficiently extraordinary to support equitable tolling.  Chaffer v. Prosper, 592 F.3d at 1049.  However, it is necessary for a petitioner to demonstrate his own diligence and that the lack of access was the extraordinary circumstance that caused his petition to be filed as late as it was.  Id.  This means that a petitioner must point to specific instances in which he was unable to file a timely federal petition because of the lack of access to a particular document.  Id.  Here, however, Petitioner's allegations are general.  Petitioner has not shown how any specific limitation of access to his property actually made it impossible for him to file a petition raising essentially the same claims that he had raised before.

With respect to exhaustion of administrative remedies,

Petitioner asserts that when he was transferred to a new institution, the CDCR recalculated his release date.  It appears that Petitioner might be attempting to rely on the continuing nature of his credit-earning status as a basis for delay in exhausting state court remedies.  However, the gist of Petitioner's claims was set forth in the initial administrative process, and Petitioner has not shown that it was legally necessary for Petitioner to duplicate the administrative process regarding the CDCR's continuing application of what appears to be statewide policy regarding Petitioner's credit-earning status and entitlement simply because Petitioner was transferred to a new institution.  Petitioner's duplicative administrative applications do not constitute an extraordinary circumstance warranting equitable tolling; if anything, they demonstrate that Petitioner was not reasonably diligent in exhausting his state court remedies.

The Court concludes that Petitioner has not shown entitlement to equitable tolling of the statute of limitations.

In summary, nineteen (19) days ran after the commencement of the limitations period on August 31, 2011, until Petitioner filed the KCSC petition on September 20, 2011, which tolled the statute for forty-six (46) days until November 4, 2011, when the KCSC petition was denied.  Because the motion for reconsideration of the KCSC petition was not properly filed, it did not toll the running of the statute.  Further, because the filing of the CCA petition was unreasonably delayed, the CCA petition was not "pending" within the meaning of § 2244(d)(2) to provide statutory tolling during the interval or "gap" after the denial of the KCSC petition until the filing of the CCA petition.  Thus, 314 days of the limitations

period ran after the denial of the KCSC petition on November 4, 2011, until the filing of a petition in the CCA on September 14, 2012.  The statute was tolled thereafter for seventy-four (74) days during the actual pendency of the CCA petition from September 14, 2012, until November 26, 2012; for fifteen (15) days constituting the interval or the "gap" following the CCA's denial on November 26, 2012, and the filing of a petition in the CSC on December 12, 2012; and for seventy-eight (78) days while the petition was pending in the CSC until being denied on February 27, 2013.  When the CSC denied the petition on February 27, 2013, 333 days of the limitations period had run, and thirty-two (32) days of the limitations period remained.  However, eighty-three (83) more days passed before Petitioner filed his petition in the present case on May 22, 2013.  Thus, the petition was filed beyond the one-year limitations period and was untimely.

Because the petition was untimely, it is unnecessary for the Court to address Respondent's additional contention that Petitioner did not state a cognizable claim.

In accordance with the foregoing analysis, it will be recommended that the Respondent's motion to dismiss the petition be granted, the petition be dismissed, and judgment be entered for Respondent.

IV.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336

23

(2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and, with respect to a procedural denial, that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. at 483-84.

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

24

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V.   Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition for writ of habeas corpus be GRANTED; and

2) The petition for writ of habeas corpus be DISMISSED; and

3) Judgment be ENTERED for Respondent; and

4) The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 27, 2014**        /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE